UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KELLIE GADOMSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Patelco Credit Union,<br><br>Defendant. | No. 2:17-cv-00695-TLN-AC<br><br>**ORDER** |
|---|---|

This matter is before the Court on Defendant Patelco Credit Union's ("Defendant") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (ECF No. 17.) Plaintiff Kellie Gadomski ("Plaintiff") filed an Opposition (ECF No. 18) and Defendant replied (ECF No. 20). For the reasons discussed below, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings with leave to amend.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Plaintiff resides in Tracy, California and is a "consumer" as that term is defined by Cal. Civ. Code. § 1785.3(b) and 15 U.S.C. § 1681a(c). (ECF No. 1 at ¶ 20.) Defendant is corporation, with a primary corporate address in the County of San Francisco, California. (*Id.* at ¶ 22.). Defendant is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a) and (b), which regularly furnishes

1

information to consumer reporting agencies ("CRAs") about consumer transactions or experiences with any consumer. (*Id*. at ¶ 23.)

On or about April 23, 2013, Plaintiff filed for a "no asset" Chapter 7 bankruptcy in the United States Bankruptcy Court for the Easter District of California in Fresno. (ECF No. 1 at ¶ 117.)[1] Plaintiff alleges her financial obligation to Defendant, consisting of a consumer credit card account, was scheduled and included in the Bankruptcy. (*Id.* at ¶ 118.) Plaintiff further alleges Defendant received notice of the Bankruptcy filing on or about April 23, 2014, through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center. (*Id.* at ¶ 119.) On or about August 12, 2013, Plaintiff received a successful bankruptcy discharge. (*Id.* at ¶ 120.) Plaintiff alleges Defendant received notice of the discharge on or about August 12, 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center. (*Id.* at ¶ 121.) According to the Complaint, the debt to Defendant was discharged through the Bankruptcy. (*Id.* at ¶ 124.)

Plaintiff alleges Defendant either reported or caused to be reported inaccurate information after the Bankruptcy was filed and discharged. More specifically, Plaintiff alleges Defendant reported the current account status of the Debt as being "charged off" or otherwise past due/unpaid, as opposed to "Discharged in Bankruptcy." (ECF No. 1 at ¶ 127.) Plaintiff further alleges Defendant failed to comply with the Metro 2 reporting standards, and its non-compliance constitutes an inaccurate or misleading statement under both the federal and California credit reporting acts, as discussed in more detail below. (*Id.* at ¶¶ 153–54.) Plaintiff alleges she suffered actual damages including reviewing credit reports, sending dispute letters, attorney's fees, and further expenses. (*Id.* at ¶ 159.) Additionally, Plaintiff alleges she incurred pain and suffering, was impeded in seeking necessary products and services from vendors, and suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character. (*Id.* at ¶ 160.) Plaintiff alleges Defendants inaccurate and negative reporting damaged Plaintiff's creditworthiness. (*Id.* at ¶ 165.)

---

[1] Plaintiff's case was assigned Case Number 13-bk-25655 ("Bankruptcy").

Plaintiff contends Defendant had knowledge of when the "charged off" accounts were discharged and had a duty under Sections 524(a)(2) and 727 of the Bankruptcy Code to promptly notify CRAs of any updates or corrections to the information previously provided. (ECF No. 1 at ¶ 174.) Plaintiff asserts Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to CRAs that it knew or should have known was inaccurate. (*Id.* at ¶ 176.) Plaintiff alleges that on or about November 2016, she disputed Defendant's reported information by notifying TransUnion and Equifax, in writing, of the inaccurate information provided by Defendant. (*Id.* at ¶ 177.) Plaintiff alleges she believes both CRAs notified Defendant of the dispute on or about December 2016, but Defendant continued to report the inaccurate information. (*Id.* at ¶¶ 178–180.)

On March 31, 2017, Plaintiff filed her Complaint in this Court. Plaintiff alleges three causes of action for violations of: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (2) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*; and (3) the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 *et seq.* (ECF No. 1.) On September 20, 2018, Defendant moved for Judgment on the Pleadings on all three claims pursuant to Rule 12(c). (ECF No. 17.) Plaintiff opposed Defendant's Motion as to Claims One and Three only (ECF No. 18), as discussed below.

**II.    STANDARD OF LAW**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *E.g. Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim and, therefore, the same legal standard applies. 9-*Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should only be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party "clearly establishes

that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999).

Courts have discretion to grant a motion for judgment on the pleadings with leave to amend or to dismiss the action instead of entering of judgment. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *see also Kennedy v. Kings Mosquito Abatement Dist.*, 2013 WL 1129202, at *3 (E.D. Cal. 2013); *Carmen v. San Francisco Unified School Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

### III. ANALYSIS

#### A. Claim One: Violations of Fair Credit Reporting Act

Defendant argues Plaintiff has failed to allege that Defendant did not conduct a reasonable investigation of the credit reporting dispute. (ECF No. 17 at 7.) More specifically, Defendant contends Plaintiff failed to state in the Complaint exactly what information she gave to the CRAs, making it impossible to determine whether Defendant took reasonable investigatory actions. (*Id.*) Furthermore, Defendant asserts the Complaint fails to show that Defendant received sufficient information to conduct a reasonable investigation since Plaintiff alleges she sent dispute letters to TransUnion and Equifax, but also alleges that *Experian* and Equifax[2] inaccurately reported her

---

[2] Plaintiff consistently alleges she contacted TransUnion and Equifax throughout her Complaint. This singular reference to Experian therefore appears to be a typographical error. Since the Court has already granted leave to amend, Plaintiff may also correct any typographical errors with regards to which CRAs she contacted and from which she received information.

4

information. (*Id.*) Finally, Defendant argues that without allegations regarding the specific dates or timeframes when the disputes were sent, when the CRAs and Defendant received them, and when Plaintiff re-checked her reports, there is no way to determine whether Defendant's conduct was unreasonable. (*Id.*)

In opposition, Plaintiff argues she alleges sufficient facts to show that Defendant failed to conduct a reasonable investigation because, in addition to having access to publicly available information regarding the Bankruptcy filing, Defendant had actual notice of Plaintiff's Bankruptcy filing, her Bankruptcy discharge, and her disputes of the inaccurate credit reporting. (ECF No. 18 at 10–11.) Plaintiff further argues Defendant failed to comply with the Credit Reporting Resource Guide ("CRRG") Metro 2 instructions regarding the accurate reporting of the current status of Plaintiff's account. (*Id.* at 11.) In reply, Defendant argues the Metro 2 instructions and purported violations are irrelevant to addressing the question of whether Defendant received sufficient notice of Plaintiff's dispute and whether it then made a reasonable investigation. (ECF No. 20 at 3.)

In order to state a claim pursuant to the FCRA, a plaintiff must show: (1) an inaccuracy in plaintiff's credit report; (2) the plaintiff notified the credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b). *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016). Notification of a dispute by a CRA triggers a furnisher's duty to investigate. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The Court agrees that the question of whether Defendant complied with the CRRG Metro 2 instructions is irrelevant to the instant Motion. The question that concerns the Court is whether Plaintiff has alleged facts sufficient to show that Defendant received notice of her dispute with the CRAs, thereby triggering its responsibility to investigate the errors. The Court finds she has alleged sufficient facts to show that she initiated a dispute with the CRAs, and that Defendant received notice of that dispute in or about December 2016. At this early stage, Plaintiff need not produce evidence of the contents of her letters or of Defendant's actual notice. It is enough that she has alleged the existence of such

facts with enough specificity to put Defendant on notice regarding the nature and timeframe of her claims.[3]

Defendant also argues Plaintiff has failed to plead any facts showing she suffered actual damage because of the purported FCRA violation. (ECF No. 17 at 8.) Defendant contends Plaintiff's allegations regarding her out-of-pocket expenses related to disputing the credit reports and her diminished credit score are insufficient to establish that she incurred actual damage. (*Id.* at 9.) In opposition, Plaintiff contends consumers can recover for out-of-pocket expenses, damages to reputation, and damages to creditworthiness. (ECF No. 18 at 15.) Plaintiff further contends that FRCA plaintiffs may prove a claim for actual damages by showing the unreasonable investigation of a credit dispute has resulted in emotional harm or humiliation, even where credit was not denied. *Banneck v. HSBC Bank USA*, No. 15-cv-02250-HSG, 2016 WL 3383960, at *26–27 (N.D. Cal. June 20, 2016). In reply, Defendant argues Plaintiff attributes the alleged emotional damages to the class, and, even if the allegations were attributed solely to Plaintiff, the claims are vague and conclusory. (ECF No. 20 at 5.)

This Court previously addressed the same damage claims by Plaintiff in the related case of *Gadomski v. Equifax Information Sercives, LLC*, No. 2:17-cv-00670-TLN-AC, 2018 WL 2096862, at *9 (E.D. Cal. 2018). As the Court noted there, many district courts have held that a plaintiff cannot recover damages for an impaired credit score alone. *See, e.g., Basconcello v. Experian Info. Sols., Inc.*, No. 16-CV- 06307-PJH, 2017 WL1046969, at *10–11 (N.D. Cal. Mar. 20, 2017); *King v. Bank of Am., N.A.*, No. C-12- 04168 JCS, 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012). Furthermore, while the Ninth Circuit has not taken a stance on whether out-of-pocket expenses incurred in the ordinary course of disputing inaccuracies in a consumer credit report constitute actionable damage, courts in this circuit have adopted the view of the Second Circuit, which has held that "expenses incurred merely to notify [CRAs] of inaccurate credit information, and not to force their compliance with any specific provision of the statute, cannot

---

[3] Since the Court has granted Plaintiff leave to amend her complaint on other grounds, she may choose to attach the dispute letters or include additional factual allegations in her amended complaint, but it is not necessary to survive the present motion to dismiss.

6

be compensable as 'actual damages' for a violation of the FCRA." *Basconcello*, 2017 WL1046969, at *11 (quoting *Casella v. Equifax Credit Information Services*, 56 F.3d 469, 474 (2d Cir. 1995)). The Court continues to find this analysis persuasive.

Therefore, Plaintiff's alleged damages regarding her creditworthiness and out-of-pocket expenses are not sufficient to show actual damages. Furthermore, the Court finds Plaintiff's claims of emotional distress are vague and conclusory. While it may be possible to state a claim for emotional distress as a result of the inaccurate reporting and unreasonable investigation of the disputed credit information, Plaintiff has failed to state any facts indicating she personally suffered distress as a result of Defendant's actions. Accordingly, the Court GRANTS Defendant's Motion for Judgment on the Pleadings as to Plaintiff's first claim. Because these defects may be cured by amendment, leave to amend is granted.

B. Claim Two: Violations of Rosenthal Fair Debt Collection Practices Act

Defendant argues Plaintiff's RFDCPA claim is based on a purported violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(e) — which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 — and violations of 11 U.S.C. §§ 524(a)(2) and 727 of the Bankruptcy Code. (ECF No. 17 at 10.) Defendant asserts violations of the Bankruptcy Code cannot form the basis of a claim under the RFDCPA. (*Id.*) Plaintiff does not oppose Defendant's Motion on these grounds and has therefore conceded this claim.[4] *See Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("Failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") Accordingly, the Court GRANTS Defendant's Motion for Judgment on the Pleadings as to Claim Two with prejudice.

---

[4] The Court previously addressed this issue, brought by this Plaintiff, in a related case. *See Godomski v. I.C. Systems, Inc.*, 2:17-cv-00675-TLN-AC, ECF No. 18 at 6–8 (March 9, 2018) (finding Plaintiff's FDCPA and RFDCPA claims cannot be adjudicated without determining whether Plaintiff's debt was properly discharged, which is a bankruptcy-laden determination). There the Court found that Plaintiff's FDCPA and RFDCPA claims were barred by the Ninth Circuit holding in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510–11 (9th Cir. 2002) (holding the FDCPA does not create a private right of action for violations of the Bankruptcy Code.).

7

C. <u>Claim Three: Violations of California Consumer Credit Reporting Agencies Act</u>

Defendant contends that Plaintiff's CCCRAA claim fails for the same reason her FCRA claim fails — specifically, Plaintiff has not alleged she suffered actual damages as a result of Defendant's reporting. (ECF No. 17 at 11.) In opposition, Plaintiff argues the CCCRAA permits a consumer to seek actual damages, including court costs and attorney's fees. (ECF No. 18 at 18.) In order to state a cause of action under the CCCRAA, a plaintiff must show "[a]ctual damage, not 'inherent harm.'" *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 637 (2007) disproved on other grounds by *Connor v. First Student, Inc.,* 5 Cal. 5th 1026, 1037–38 (2018); *see also Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 WL 12561052, at *3 (C.D. Cal. Apr. 7, 2014) ("a plaintiff cannot recover under the CCRAA without proving actual harm."); *Reagan v. Am. Home Mortg. Servicing*, No. C 11-00704 WHA, 2011 WL 2149100, *3 (N.D. Cal. May 31, 2011) ("a plaintiff must show that the party reporting credit information knew or should have known that the information given to the agency was incomplete or inaccurate, and the plaintiff must be harmed as a result of that inaccurate report.")

As with the FRCA claim, Plaintiff has failed to allege she suffered actual damages as a result of Defendant's reporting. However, the Court finds additional factual allegations may cure the deficiencies of the Complaint. Therefore, the Court GRANTS Defendant's Motion for Judgment on the Pleadings as to Plaintiff's CCCRAA claim with leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings (ECF No. 17) as to Plaintiff's First and Third Claims with leave to amend, and GRANTS Defendant's Motion as to the Second Claim without leave to amend. Plaintiff may file an amended complaint not later than 30 days from the date of electronic filing of this Order. Defendant's responsive pleading is due 21 days after Plaintiff files an amended complaint.

///

///

///

IT IS SO ORDERED.

Dated: March 23, 2020

Troy L. Nunley
United States District Judge

9