UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE GADOMSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATELCO CREDIT UNION,<br><br>Defendant. | No. 2:17-cv-00695-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Patelco Credit Union's ("Defendant") Motion to Dismiss and Motion to Strike. (ECF No. 28.) Plaintiff Kellie Gadomski ("Plaintiff") filed an opposition. (ECF No. 29.) Defendant filed a reply. (ECF No. 30.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss with leave to amend and DENIES Defendant's Motion to Strike Plaintiff's class allegations.

///
///
///
///
///

### I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

According to the First Amended Complaint ("FAC"), Plaintiff resides in Tracy, California and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). (ECF No. 27 at 3.) Defendant, a corporation, is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a) and (b), that regularly furnishes information to consumer reporting agencies ("CRAs") about consumer transactions or experiences with any consumer. (*Id*. at 5.)

On or about April 23, 2013, Plaintiff filed for a "no asset" Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California.[2] (*Id*. at 19.) Plaintiff alleges her financial obligation to Defendant, consisting of a consumer credit card account, was scheduled and included in the Bankruptcy. (*Id.*) Plaintiff further alleges Defendant received notice of the Bankruptcy filing on or about April 23, 2014, through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center. (*Id.* at 20.) On or about August 12, 2013, Plaintiff received a successful Bankruptcy discharge. (*Id.*) Plaintiff alleges Defendant received notice of the discharge on or about August 12, 2013, through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center. (*Id.*) According to the FAC, the debt to Defendant was discharged through the Bankruptcy. (*Id.*)

Plaintiff alleges Defendant either reported or caused to be reported inaccurate information after the Bankruptcy was filed and discharged. (*Id.*) More specifically, Plaintiff alleges Defendant reported the current account status of the Debt as being "charged off" or otherwise past due/unpaid, as opposed to "Discharged in Bankruptcy." (*Id.*) Plaintiff further alleges Defendant failed to comply with the Metro 2 reporting standards, and its non-compliance constitutes an inaccurate or misleading statement under both the federal and California credit reporting acts, as discussed in more detail below. (*Id.* at 23–25.) Plaintiff alleges she suffered actual damages including reviewing credit reports, sending dispute letters, attorney's fees, and further expenses.

---

[1]   The factual and procedural background is taken largely verbatim from this Court's March 24, 2020 Order granting Defendant's Motion for Judgment on the Pleadings. (ECF No. 26.)

[2]   Plaintiff's case was assigned Case Number 13-bk-25655 ("Bankruptcy").

2

(*Id.* at 26.)  Additionally, Plaintiff alleges she incurred pain and suffering, was impeded in seeking necessary products and services from vendors, and suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.  (*Id.*)  Plaintiff alleges Defendant's reporting has had a "chilling effect" that precludes Plaintiff from benefitting from her improving credit, further improving her credit by establishing new positive accounts, and getting a "fresh start that Plaintiff so desperately desires."  (*Id.*)   Further, Plaintiff alleges Defendants inaccurate and negative reporting damaged Plaintiff's creditworthiness.  (*Id.* at 27.)

Plaintiff contends Defendant had knowledge of when the "charged off" accounts were discharged and had a duty under §§ 524(a)(2) and 727 of the Bankruptcy Code to promptly notify CRAs of any updates or corrections to the information previously provided.  (*Id.* at 29.)  Plaintiff asserts Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to CRAs that it knew or should have known was inaccurate.  (*Id.*)  Plaintiff alleges that on or about November 2016, she disputed Defendant's reported information by notifying Experian and Equifax, in writing, of the inaccurate information provided by Defendant.  (*Id.*)  Plaintiff alleges she believes both CRAs notified Defendant of the dispute on or about December 2016, but Defendant continued to report the inaccurate information.  (*Id.* at 30.)

On March 31, 2017, Plaintiff filed her Complaint in this Court alleging three causes of action for violations of: (1) the FCRA, 15 U.S.C. § 1681, *et seq.*; (2) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*; and (3) the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 *et seq*.  (ECF No. 1.)  On September 20, 2018, Defendant moved for judgment on the pleadings on all three claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).  (ECF No. 17.)  On March 24, 2020, the Court granted Defendant's motion as to Plaintiff's first and third claims with leave to amend and as to the second claim without leave to amend.  (ECF No. 26.)  On April 23, 2020, Plaintiff filed her FAC alleging two causes of action for violations of: (1) the FCRA; and (2) the CCCRAA.  (ECF No. 27.)  On May 14, 2020, Defendant filed the instant motion to dismiss and strike.  (ECF No. 28.)  On May 28, 2020, Plaintiff filed an opposition.  (ECF No. 29.)  On June 4, 2020, Defendant filed a reply.  (ECF No. 30.)  On June 11, 2020, Plaintiff filed objections to

Defendant's reply. (ECF No. 32.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the

1  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
2  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
3  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

4  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
5  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
6  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
8  680. While the plausibility requirement is not akin to a probability requirement, it demands more
9  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
10 inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
11 experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
12 her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
13 dismissed. *Id.* at 680 (internal quotations omitted).

14 In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
15 thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
16 *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
17 *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
18 *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
19 allegations that contradict matters properly subject to judicial notice).

20 If a complaint fails to state a plausible claim, "[a] district court should grant leave to
21 amend even if no request to amend the pleading was made, unless it determines that the pleading
22 could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130
23 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009)
24 (finding no abuse of discretion in denying leave to amend when amendment would be futile).
25 Although a district court should freely give leave to amend when justice so requires under Rule
26 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has
27 previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713
28 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th

Cir. 2004)).

**III.    ANALYSIS**

Defendant moves to dismiss the FAC in its entirety because Plaintiff lacks standing and fails to allege she was damaged.[3]  (ECF No. 28 at 2.)  Defendant also moves to strike Plaintiff's class allegations for both claims.  (*Id.*)

    A.    <u>Standing</u>

To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury in fact must constitute "an invasion of a legally protected interest which is [1] concrete and particularized, and [2] actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 557 (1992) (internal citations and quotations omitted).

Plaintiff alleges four main injuries as follows: (1) "actual damages including, but not limited to, reviewing credit reports, sending dispute letters, attorney's fees, and such further expenses" ("actual damages"); (2) "pain and suffering, [as she] was impeded in seeking necessary products and services from vendors, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character" ("emotional distress"); (3) damage to Plaintiff's creditworthiness; and (4) a chilling effect that has prevented Plaintiff from obtaining further credit and benefitting from improving credit ("chilling effect").  (ECF No. 27 at 25–26.)  The Court will address each injury in turn and will consider the third and fourth related injuries together.

        *i.*    *Actual Damages*

"[A] plaintiff cannot achieve [Article III] standing to litigate a substantive issue by bringing suit for the cost of bringing suit.  The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).  As Plaintiff fails to allege actual damages beyond the costs of litigation, the Court finds that her alleged actual damages are insufficient to establish

---

[3]    As the Court finds Plaintiff lacks standing, it declines to address Defendant's remaining arguments.

1 | standing.

2 |          ii.     *Emotional Distress*

   Plaintiff's alleged emotional distress fails to establish standing because it is not concrete and particularized. *Cf. Larson v. Trans Union, LLC*, 201 F. Supp. 3d 1103, 1106–08 (N.D. Cal. Aug. 11, 2016) (finding Plaintiff's allegations of emotional distress due to "uncertain[ty] as to whether [Trans Union] [was] reporting [him] as a match to an individual on the [Treasury Department's Office of Foreign Assets Control] database" to be a concrete injury to establish Article III standing); *see also Lujan*, 504 U.S. at 557. As stated in the March 24, 2020 Order and based on the bare facts listed above, Plaintiff's allegations for emotional distress are vague and conclusory, and Plaintiff has failed to remedy the deficiencies in the FAC. (ECF No. 26 at 7; *see generally* ECF No. 27.) Accordingly, the Court finds Plaintiff's alleged emotional distress is insufficient to establish standing.

         iii.     *Damage to Creditworthiness and Chilling Effect*

   Defendant argues Plaintiff's original and new allegations of harm are not only insufficient to state a claim, but also confirm Plaintiff lacks standing to assert these claims. (ECF No. 28 at 7.) Defendant contends the Court should follow *Jaras v. Equifax*, 766 F. App'x 492 (9th Cir. 2019), which held that in order to establish the injury-in-fact prong, a plaintiff must allege the inaccurate credit reports affected an application for credit. (*Id.* at 7–8.) Defendant maintains Plaintiff's case is indistinguishable from *Jaras*, and the only difference here is Plaintiff has conceded in her FAC that she did not attempt to apply for credit after the purported statutory violations by Defendant. (*Id.* at 8 (citing ECF No. 27 ¶¶ 155–160).)

   In opposition, Plaintiff argues the Court should rely on *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017) ("*Spokeo III*"), which held a plaintiff need not allege an additional harm because an inaccurate credit report standing alone constitutes an injury in fact. (ECF No. 29 at 16–17.) Plaintiff asserts Defendant incorrectly relies on *Jaras*, as *Jaras* is an unpublished split-panel decision that "casts aside *Spokeo III*'s holding." (*Id.* at 15–17.)

   In reply, Defendant maintains *Jaras* governs because the facts in *Jaras* are substantively identical to this case and Plaintiff has "admittedly made no effort to apply for or otherwise obtain

1  credit between receiving her credit report and filing the actions." (ECF No. 30 at 3–6.)

2  In *Jaras*, the plaintiffs, who filed for bankruptcy, sued creditors under the FCRA and the
3  CCRAA for inaccurately reporting the legal status of their prior debts on their credit reports.
4  *Jaras*, 766 F. App'x at 493–94. The *Jaras* court affirmed the defendants' motion to dismiss for
5  lack of standing because the plaintiffs did not allege that the inaccurate credit report harmed their
6  ability to enter a transaction in the past or imminent future. *Id.* at 494. Instead, the plaintiffs
7  alleged how the inaccurate report would impact lending decisions generally, not what kind of
8  specific harm they were concerned about in the imminent future or impacted by in the past. *Id.* at
9  494–95. The court concluded absent allegations showing that an inaccurate credit report affected
10 an attempted or imminent transaction, an inaccurate credit report alone is not enough to allege a
11 concrete injury in fact. *See id.*

12 In *Spokeo III*, the plaintiff sued the defendant corporation that runs a website compiling
13 consumer data and building consumer-information profiles for publishing an inaccurate report
14 about him on the website. 867 F.3d at 1110. The report allegedly falsely stated the plaintiff's
15 age, marital status, wealth, education level, profession, and included a photo of a different person.
16 *Id.* at 1111. Plaintiff alleged such error harmed his employment prospects at a time when he was
17 unemployed, he continued to be unemployed, and suffered emotional distress. *Id.* The plaintiff
18 alleged defendant's failure to reasonably ensure the accuracy of his consumer report alone is
19 enough to establish a concrete injury and he does not need to allege an additional harm. *Id.* at
20 1112. The court concluded the inaccurate report alone was enough to satisfy a concrete injury in
21 fact because the nature of the specific inaccuracies was sufficient to raise a real risk of harm to
22 the interests the FRCA protects. *Id.* at 1116, 1118.

23 In light of *Jaras*, an unpublished case, and *Spokeo III*, a published case, there is no clear
24 authority on whether an inaccurate credit report alone is enough to establish a concrete injury in
25 fact. *See Franklin v. Midwest Recovery Sys., LLC*, No. 8:18-cv-02085-SB (DFMx), 2021 WL
26 1035121, at *5–6 (C.D. Cal. Feb. 5, 2021) (acknowledging that "[t]he Ninth Circuit has not
27 squarely weighed in" on whether an inaccurate credit report alone can satisfy the injury in fact
28 requirement for Article III standing and providing authorities reflecting the split). However,

*Jaras* distinguishes itself from *Spokeo III* by emphasizing that the plaintiff's credit report in *Spokeo III* "had already been requested and obtained by at least one third party, and that they were of a type likely enough to cause harm to his employment prospects at a time when he was unemployed and actively looking for work." *Jaras*, 766 F. App'x at 494.  Further, both the plaintiff in *Jaras* and Plaintiff in the instant case do not make any allegations about how the alleged misstatements in their credit reports would affect any specific transaction they tried to enter or plan to try to enter.  *Id.*  Accordingly, the Court is more persuaded by the ruling in *Jaras* because the facts of *Jaras* mirror the facts of the instant case.

Similar to *Jaras*, Plaintiff does not allege a concrete injury in fact because she did not provide any facts alleging that the inaccurate credit report harmed her ability to enter a transaction in the past or imminent future.  (*See* ECF No. 27 at 25.)  Instead, Plaintiff alleges the inaccurate credit report had a chilling effect *precluding* her from establishing new positive accounts and improving her credit.  (*Id.*)  Because of Plaintiff's general allegations absent facts alleging a concrete harm stemming from a past or imminent transaction, Plaintiff's alleged injuries of creditworthiness and of a chilling effect are insufficient to establish Article III standing.  *See Franklin* 2021 WL 1035121, at *5–6 (acknowledging the lack of consensus on whether an inaccurate credit report alone can satisfy the injury in fact requirement for Article III standing and then referencing *Jaras* as the rule); *see also Henry v. Dovenmuehle Mortg.*, No. 2:19-cv-00360-MMD-NJK, 2020 WL 1290787, at *3 (D. Nev. Mar. 18, 2020) (following the rule in *Jaras* and finding the plaintiff does not have standing because he did not allege how the credit report harmed his ability to enter a transaction); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021) ("[I]n a suit for damages, the mere risk of future harm, standing alone, cannot qualify as concrete harm.").  Therefore, the Court GRANTS Defendant's motion to dismiss for lack of standing with leave to amend to the extent that Plaintiff can allege a concrete injury in fact.

### B. Class Allegations

The Court denies Defendant's motion to strike Plaintiff's class allegations as premature and moot since the Court dismissed these claims with leave to amend.  "It is denied without prejudice to renewal at a more appropriate time, once there is an operative complaint and

discovery has occurred." *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 986 (N.D. Cal. July 17, 2019) ("Of course [the motion to strike class allegations] is moot given the dismissal of the complaint [with leave to amend]"). Further, "striking is severe and disfavored," and "many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, No. CV 07–01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that while "class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification").

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED with leave to amend and Defendant's Motion to Strike Plaintiff's class allegations is hereby DENIED as moot. (ECF No. 28.) Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendant shall file a responsive pleading within twenty-one (21) days of the electronic filing date of the amended complaint.

IT IS SO ORDERED. DATE: January 24, 2022

Troy L. Nunley
United States District Judge